ADKINS, J.,
concurring.
Respectfully, I concur with the Majority. I would be joining the Dissent, in its analysis on the merits of how to interpret the relevant statutes, were this case an appeal from the 2011 judgment that Davis was not entitled to genetic testing. At that point, I would have reversed on grounds that he was so entitled. My decision would rest on the careful and thoughtful interpretation of the legislation that is delineated in the Dissent. This would surely be the equitable result.
But the doctrine of res judicata is fundamental to our jurisprudence, and I do not agree with the Dissent’s analysis regarding the res judicata effect of the 2011 judgment. As both the Majority and the Court of Special Appeals say, the 2011 judgment of the Circuit Court denied Davis’s request for genetic testing to determine parentage. In the 2011 litigation, Davis repeatedly told the judge that he sought genetic testing, but the judge denied his request on grounds of his Affidavit of Parentage. Without a doubt, the question of whether he was entitled to a paternity test is a matter that was decided in the 2011 case. It was sufficient for the judge to state that he was *337 making his ruling against Davis based on the Affidavit of Parentage and the absence of fraud at the time Davis made the Affidavit, without specifically stating that in doing so, he effectively denied the requests for a paternity test. If Davis disagreed with that ruling, he should have appealed the 2011 final judgment. That judgment bars any re-litigation of the issue of Davis’s paternity. See Colandrea v. Wilde Lake Community Ass’n, Inc., 361 Md. 371, 392, 761 A.2d 899 (2000).
With regret that we cannot afford equitable relief in violation of the firmly settled doctrine of res judicata, I join the judgment of the Majority.